IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3227-BO

| | |
|---|---|
| MYRON RODERICK NUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORA D. HUNT, et al., ) | |
| ) | |
| Defendants. ) | |

On November 10, 2011, Myron Roderick Nunn ("Nunn" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1]. Nunn proceeds pro se and in forma pauperis [D.E. 3]. Nunn has filed a motion to transfer documents from another case pending in this district, Nunn v. Keller, et al., 5:10-CT-3211-FL [D.E. 5] and two motions challenging the court's collection of filing fees [D.E. 13-14].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it 'is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune form such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948;

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Nunn asserts that on August 10, 2011, his outgoing mail was interfered with and censored. [D.E. 1, IV. Statement of Claim, at 3]. Nunn alleges that the "letters contained fictional contents." Id. The mail in question led to a write ups, disciplinary charges of buying and selling tobacco, doing law work for other inmates, and receiving funds for other inmates families. Id. 3-4. Eventually, on September 24, 3011, Nunn plead guilty although there was no evidence of the alleged conduct. Id. 3-6.

To the extent Nunn challenges the censorship of his outgoing mail, restrictions on outgoing prisoner mail must be generally necessary to protect a legitimate governmental interest. Procunier v. Martinez, 416 U.S. 396, 414 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989) (limiting Procunier to prison policies affecting outgoing prisoner mail). A prison's decision to censor an inmate's outgoing mail must be accompanied by minimum procedural safeguards including notice of censorship to the sender and recipient of mail and an opportunity to protest to an official other than the censor. 416 U.S. at 417. However, there is no question that inmates' outgoing mail may be opened and inspected by prison officials. Altizer v. Deeds, 191 F.3d 540, 548 (4th Cir. 1999). It is not clear from the face of the complaint that Nunn is not entitled to relief on this claim and the case is ALLOWED to proceed.

Likewise, if Nunn is is alleging Due Process violations stemming from unfair administrative disciplinary proceedings the claim may proceed. In a prison disciplinary hearing which result in the loss of good time credits,[1] the procedural due process safeguards are: (1) written notice of the

---

[1] The court notes that it is not even clear whether good time credit was taken from plaintiff as a result of the disciplinary infraction.

charges; (2) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the inmate to do so. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). The claim is ALLOWED to proceed.

However, the court DISMISSES Nora Hunt, Superintendent, and Vickie B. Hardie, Assistant Superintendent, from the suit. Each appear to be named in the sole capacity as superintendent and assistant superintendent of Columbus Correctional Institution. However, liability under Section 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325–26 (1981); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Section 1983 liability cannot be premised on mere allegations of respondeat superior. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See e.g. Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied 469 U.S. 845(1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. See e.g. Leach, 891 F.2d at 1246; Hayes v. Vessey, 777 F.2d 1149, 1154 (6th Cir.1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. Leach, 891 F.2d at 1246. At a minimum, the

3

official must have knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. See e.g. Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992). Additionally, plaintiff must show that defendant had some duty or authority to act. See e.g. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989) (lower level official not liable for shortcomings of building); Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir.1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Again, supervisory liability claims cannot be based on simple negligence. Leach, 891 F.2d at 1246; Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D. Mich.1989), aff'd 915 F.2d 1574 (6th Cir.1990).

Here, plaintiff states that "the facility head is responsible to assure . . . appropriate procedures are followed and rights of inmates are protected. Superintendent Nora D. Hunt and Assistant Superintendent Vickie B. Hardie failed to enforce procedures." [D.E. 1, at IV. Statement of Claim attached pages] This is the totality of his allegations against these two defendants. As such, no actionable allegations have been set out by plaintiff in his amended complaint. Nora D. Hunt and Vickie B. Hardie are DISMISSED from the action.

As for Nunn's challenge to the payment of filing fees in this case [D.E. 13-14],[2] Nunn asserts that the North Carolina Department of Correction is deducting more than twenty percent from his trust account to pay his filing fees in several cases, and seeks a refund of $93.00. [D.E. 13] ; [D.E. 14]. The Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] **shall** be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added); see Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits

---

[2] Nunn filed the first motion in seven different cases [D.E. 13], and it appears from the second motion that he is litigating the issue of filing fees in the United States Court of Appeals for the Fourth Circuit. [D.E. 14] (certificate of service).

4

Case 5:11-ct-03227-BO Document 15 Filed 06/05/12 Page 4 of 6

be held responsible for the full amount of filing fees."). Moreover, in the Fourth Circuit, prisons may not deduct more than twenty percent of a prisoner's monthly income to pay filing fees, and may not withdraw any money when an inmate's trust account falls below $10. Torres, 612 F.3d at 242 & n.2. As Nunn acknowledges, the remedy for a violation of Torres is a temporary abatement in the collection of filing fees from an inmate's trust account. [D.E. 13], [D.E. 14]; see Torres, 612 F.3d at 253. A review of the docket indicates that Nunn has made a single payment towards his filing fee in this case, on January 5, 2011, for $12.00. Nunn contends that $30.00 partial payment was deducted for $150.00 payment. [D.E. 14]. This case only received $12.00 of the partial payment and $30.00 is twenty percent of $150.00 Accordingly, the court denies Nunn's motions for refund of the filing fee.

Lastly, the court addresses Nunn's motion to transfer documents from another case [D.E. 5]. Specifically, it appears he seeks that a motion seeking a temporary restraining order in Nunn v. Keller, et al., 5:10-CT-3211-FL [D.E. 29] be re-filed in this case. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575

F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Nunn has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Nunn has failed to meet his burden of proof. Accordingly, the court denies Nunn's motion for an emergency injunction [D.E. 5].

In sum, the matter is ALLOWED for proceed and the Clerk is directed to maintain management of the action, with the exception of defendant Nora D. Hunt and defendant Vickie B. Hardie who are DISMISSED from suit. Likewise, the motions challenging the filing fees are DENIED [D.E. 13 and 14]. Lastly, the motion to transfer documents [D.E. 5] is DENIED in that while he seeks a temporary restraining order, Nunn has failed to meet the burden of proof necessary.

SO ORDERED. This 5 day of June 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE