IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3227-BO

| | | |
|---|---|---|
| MYRON RODERICK NUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORA D. HUNT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 10, 2011, Myron Roderick Nunn ("Nunn" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1]. Now before the court is defendants' motion to dismiss [D.E. 23]. Plaintiff responded [D.E. 26]. In this posture, the matter is ripe for determination.

In the frivolity review order, the court concluded that Nunn was attempting to assert two claims: 1) interference and censorship of outgoing mail, and 2) unfair administrative disciplinary proceeding.

To begin, defendants argue that plaintiff only seeks injunctive relief and this moots the mail claim because plaintiff has been transferred from Columbus Correctional Institution to Hyde Correctional Institution. While it is true that plaintiff only sought injunctive relief in the complaint, in his response to the motion to dismiss, he states he "seeks compensatory and punitive damages against each defendant..." [D.E. 26 at 5]. Because no answer or motion for summary judgment was filed by defendants, the response must be construed to contain an amended complaint for relief for a monetary award. Fed. R. Civ. P. 15(a) (a party may amend his complaint once as a matter of right "at any time before a responsive pleading is served") Fed. R. Civ. P. 15(a); Sachs v. Snider, 631 F.2d 350 (4th Cir. 1980) ( a motion to dismiss is not a responsive pleading and does not cut off a party's right to amend his complaint once as a matter of right); Mayle v. Felix, 545 U.S. 644, 665

(2005) (an answer is considered an responsive pleading). Therefore, the request for injunctive relief is dismissed as moot given that Nunn is no longer at Columbus, but has been transferred to Hyde Correctional Institution, and his case is moot. Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's claims for injunctive and declaratory relief to improve prison conditions are moot when he is transferred to another facility and is no longer subject to those conditions); Williams v. Griffin, 952 F.2d 820, 823 (1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986) (holding that a prisoner transfer mooted a request for declaratory and injunctive relief, but not a request for money damages); Moore v. Thieret, 862 F.2d 148, 150 (7th Cir.1988) (a transfer rendered the claim for injunctive relief moot); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief); United States v. Munsingwear, 340 U.S. 36 (1950); Omana v. Burl, 477 Fed. App'x 409 411 (8th Cir. 2012) (unpublished). However, the claim over the mail may not be dismissed as moot as to the request for a monetary award of damages.

Secondly, the claim regarding the disciplinary infraction is dismissed. Nunn asks to have the disciplinary infractions to which he pleaded guilty vacated and for prevention of "continuance of illegal censorship of [his] outgoing mail." [D.E. 1 at 4.] Thus, plaintiff is not challenging the process of the disciplinary proceeding, but its outcome. The Supreme Court has held that "a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis added); see also Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994) Were plaintiff to succeed on the claim that he was wrongfully found guilty of the infractions, those

findings would necessarily implicate the constitutionality of plaintiff's current disciplinary infraction conviction. See Heck, 512 U.S. at 487. Plaintiff has not demonstrated the infraction has previously been invalidated, in fact the appeal thereof was denied. See Compl. and Response. His claims challenging the validity of his disciplinary infraction conviction is dismissed.

Lastly, the motion for preliminary injunction or temporary restraining order ("TRO") is denied [D.E. 30]. A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motions for a TRO and a preliminary injunction [30] is denied in the entirety

In sum, defendants' motion to dismiss [D.E. 23] is ALLOWED in part and DENIED in part. All the claims are dismissed with the exception of the mail claim in that it seeks monetary damages. Plaintiff's motion for preliminary injunction is DENIED [D.E. 30]. Defendants are ALLOWED 30 days to file additional dispositive motions. Plaintiff is thereafter allowed 21 days to respond.

SO ORDERED. This 17 day of June 2013.

                                                                                                    _/s/ Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE